UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BEVERLY J. WILSON,

        Plaintiff,

   v.

FIRST FRANKLIN FINANCIAL CORP.,

        Defendant.

NO. 08-cv-2572 FCD JFM PS

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Beverly J. Wilson ("Wilson") seeks a temporary restraining order to stay the imminent foreclosure sale of property located at 2651 Mysin Way, Sacramento, CA 95833. Plaintiff represents that the pending sale is set by defendant First Franklin Financial Corp for the original sale date on Monday, November 3, 2008.  For the reasons set forth below,[1] plaintiff's motion is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. See <u>Dumas v. Gommerman</u>, 865 F.2d 1093, 1095 (9th Cir. 1989). Injunctive relief may be appropriate if a plaintiff demonstrates

> (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest (in certain cases).

<u>Earth Island Inst. v. United States Forest Serv.</u>, 442 F.3d 1147, 1158 (9th Cir. 2006); <u>Natural Res. Def. Council, Inc. v. Winter</u>, 518 F.3d 658, 677 (9th Cir. 2008). The Ninth Circuit has emphasized that a preliminary injunction 'only requires plaintiffs to show *probable* success on the merits and the *possibility* of irreparable harm.'" <u>Earth Island</u>, 442 F.3d at 1158 (emphasis in original).

After a review of plaintiff's submissions, the court finds that while plaintiff has identified that she would suffer injury due to the loss of her property in a foreclosure sale, plaintiff has failed to demonstrate any probability of success on the merits sufficient to justify a restraining order. Specifically, plaintiff fails to support her conclusory assertions of TILA violations with any admissible evidence. Plaintiff contends that the alleged "lender violations" and "nondisclosure claims" appear on the face of the underlying documents. (Pl.'s Mot., filed Oct. 29, 2008, at 11.) However, plaintiff fails to attach any of these underlying documents to either the Complaint or the motion. Plaintiff also argues that defendant does not have standing to bring a foreclosure proceeding because they have not proven "the existence and ownership of the actual mortgage." However,

2

1  plaintiff fails to present any evidence to support her argument
2  with respect to defendant's lack of standing.  On a motion for
3  injunctive relief, the moving party bears the burden of
4  demonstrating a likelihood of success on the merits.  Plaintiff's
5  strong desire to maintain the status quo while she attempts to
6  formulate a case against defendant does not meet this standard.

7       Moreover, the court is troubled by plaintiff's assertion
8  that she does not know who has ownership of the title.  (Pl.'s
9  Mot., filed Oct. 29, 2008, at 8.)  To the extent an individual or
10 entity other than defendant holds title to the property at issue
11 in this litigation, that party should be also be given notice of
12 the pending motion for a temporary restraining order.  <u>See</u> Fed.
13 R. Civ. P. 65(b); Eastern District Local Rule 65-231(a) ("Except
14 in the most extraordinary circumstances, no temporary restraining
15 order shall be granted in the absence of actual notice to the
16 affected party and/or counsel . . . .").

17      Therefore, on the record before it, the court cannot hold
18 that the evidence and argument submitted by plaintiff justify the
19 extraordinary relief requested.  As such, plaintiff's motion for
20 a temporary restraining order is DENIED.

21      IT IS SO ORDERED.
22 DATED: October 31, 2008

         _____
         FRANK C. DAMRELL, JR.
         UNITED STATES DISTRICT JUDGE