IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEVERLY J. WILSON,

        Plaintiff,                      No. 2:08-cv-2572 FCD JFM PS

        vs.

FIRST FRANKLIN FINANCIAL CORP.,       <u>ORDER AND</u>

        Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).  Defendant's motion to dismiss was taken under submission.  (April 28, 2009 Order.)  Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

       Plaintiff alleges violations of the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act, fraud, and seeks declaratory and injunctive relief including resolution of a quiet title action, rescission and damages.

       Plaintiff states she resides at 2651 Mysin Way, Sacramento, California, and that on or about April 12, 2007, plaintiff entered into "consumer credit transactions" in which defendant "retained a security interest" . . . "for a first mortgage note in the amount of $347, 851.77 and a second mortgage note in the amount of $87,000.00."  (Complt. at 6.)  Plaintiff

1

1    contends that the material terms of the loan were misrepresented and differed from the good faith

2    estimate provided, her payments were misapplied, resulting in a notice of default and setting of a

3    trustee's foreclosure sale on or about February 19, 2008.  (Id.)  Plaintiff admits she received the

4    notice of default and notice of trustee's sale.  (Id.)

5         On March 23, 2009, defendant filed a request to take judicial notice providing

6    copies of title documents filed with the Sacramento County Recorder.  Rule 201(b) of the Federal

7    of Evidence provides

8         A judicially noticed fact must be one not subject to reasonable
     dispute in that it is either (1) generally known within the territorial
9         jurisdiction of the trial court or (2) capable of accurate and ready
     determination by resort to sources whose accuracy cannot
10        reasonably be questioned.

11   Id.  Defendants' request for judicial notice will be granted as these documents are matters of

12   public record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (A court

13   may take judicial notice of matters of public record outside the pleadings on a motion to

14   dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D.Cal.1992) (taking judicial notice of

15   documents in a county public record, including deeds of trust).  These title documents reflect the

16   following:

17        On May 8, 2008, a notice of default was recorded as document 200805081299.

18   On August 14, 2008, a notice of trustee's sale was recorded as document 200808140367.

19        On October 20, 2008,[1] plaintiff executed a grant deed in favor of King Solomon II

20   Archbishop Corporation Sole ("King Solomon"), divesting plaintiff of all interest in the property.

21   On November 3, 2008, that grant deed was recorded as document 200811031121.

22        The instant action was filed on October 29, 2008.  On October 31, 2008, the

23   district court denied plaintiff's request for a temporary restraining order.  (Docket No. 6.)

24   /////

25

26        [1]  The grant deed states plaintiff executed the deed on October 20, 2008, but the notary
     clause reflects plaintiff appeared before the notary public on October 21, 2008.

1    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

2  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

3  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

4  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

5  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

6  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct.

7  1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

8  grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

9    In determining whether a complaint states a claim on which relief may be granted,

10  the court accepts as true the allegations in the complaint and construes the allegations in the light

11  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

12  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

13  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

14  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

15  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  In

16  addition, the court may disregard allegations in the complaint if they are contradicted by facts

17  established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265,

18  1267 (9th Cir. 1987).

19    The court is permitted to consider material properly submitted as part of the

20  complaint, documents not physically attached to the complaint if their authenticity is not

21  contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City

22  of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include

23  pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d

24  1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,

25  unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt,

26  643 F.2d 618, 624 (9th Cir. 1981).

1    Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at

2  unintelligibility, rather than want of detail.  See Woods v. Reno Commodities, Inc., 600 F. Supp.

3  574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385

4  (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement "[i]f a pleading

5  is so vague that a party cannot reasonably be required to frame a responsive pleading."  Fed. R.

6  Civ. P. 12(e).  The function of such a motion is thus not to require the pleader to disclose details

7  of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal.

8  1979), or to provide the evidentiary material that may properly be obtained by discovery, see

9  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion

10  for more definite statement should be denied if a pleading meets federal standards by providing a

11  short and plain statement of the claim showing that the pleader is entitled to relief.  See Fed. R.

12  Civ. P. 8(a)(2).

13    Because the complaint addresses various statutory violations in each cause of

14  action, the court will address specific statutes and requests for relief rather than individual causes

15  of action alleged in the complaint.

16  1.  Truth in Lending Act

17    Plaintiff alleges that defendant entered into a consumer credit transaction wherein

18  defendant extended to plaintiff consumer credit in the form of a loan which was subject to a

19  finance charge.  Plaintiff alleges defendant violated the Truth in Lending Act ("TILA"), 15

20  U.S.C. § 1601 and Regulation Z, 12 C.F.R. § 226, by the lender's failure to provide accurate

21  material disclosures, deceptive loan practices and lender misrepresentations.

22    Defendant contends that TILA requires that damages claims be brought within

23  one year of the date the loan transaction is consummated.  Defendant contends that a TILA

24  rescission claim expired three years after the date the loan transaction is consummated or upon

25  the sale of the property, whichever occurs first.

26  /////

4

1    Violations of TILA requirements give rise to remedies of both rescission and

2    damages.  Damages claims under TILA must be brought "within one year from the date of the

3    occurrence of the violation."  15 U.S.C. § 1640(e).  "[A]s a general rule the limitations period

4    starts at the consummation of the transaction."  King v. California, 784 F.2d 910, 915 (9th

5    Cir.1986).  For rescission, TILA provides for an initial three-day period during which consumers

6    have an unconditional right to cancel the loan transaction for any reason. 15 U.S.C. § 1635(a).

7    Rescission claims under TILA "shall expire three years after the date of consummation of the

8    transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).  Where

9    the creditor fails to provide to the consumer a notice of right to rescind and all material

10   disclosures, TILA implementing Regulation Z provides that "the right to rescind shall expire 3

11   years after consummation, upon transfer of all of the consumer's interest in the property, or upon

12   sale of the property, whichever occurs first."  12 C.F.R. § 226.23.

13   The complaint alleges that the loan transaction was consummated on April 12,

14   2007, making the deadline for commencing a damages action under TILA April 12, 2008.  The

15   instant action was not filed until October 29, 2008, over six months too late.  Plaintiff's

16   nonrescission claims under TILA are therefore time-barred.[2]

17   Plaintiff's rescission claim is time-barred as well.  Plaintiff deeded title to the

18   property to King Solomon on October 20, 2008, which cut off plaintiff's right to rescission under

19   TILA.  15 U.S.C. § 1635(f).  Because plaintiff did not rescind and bring suit prior to the October

20   20, 2008 transfer, her rescission claim is time-barred.

21

22   [2]  To the extent plaintiff is attempting to raise claims under the Real Estate Settlement

23   Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., her RESPA claim is also barred by the
     applicable one-year statute of limitations.  See 12 U.S.C. § 2641.  The RESPA statute of

24   limitations generally begins to run no later than the date of actual disclosure of actions
     constituting an alleged violation.  Meyer v. Ameriquest Mtg. Co., 342 F.3d 899, 902 (9th

25   Cir.2003).  In typical cases involving loan documents, the statute begins to run when the
     documents are signed unless evidence is presented to override this assumption.  Id.  Because

26   loan documents were signed on April 12, 2007, but the instant action was not filed until October
     29, 2008, the RESPA claim is time barred.

1    In light of the above, defendant is entitled to dismissal of plaintiff's claims under

2  TILA and Regulation Z.

3  2.  <u>Injunctive Relief</u>

4    Plaintiffs request that the "trustee's wrongful sale be restrained to prevent great

5  and irreparable injury to the plaintiff."  (Complt. at 13.)

6    Defendants contend that plaintiff lacks standing to enjoin the trustee's sale.

7    It is well established that a plaintiff must prove standing by showing: (1) injury in

8  fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood

9  that a favorable outcome will redress the injury.  <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.

10  555, 560-61, 112 S.Ct. 2130 (1992).

11    Because plaintiff transferred her interest in the property to King Soloman, she has

12  no standing to challenge the sale of this property.  Plaintiff's motion for injunctive relief should

13  be dismissed.  Moreover, because plaintiff no longer holds interest in the real property, she lacks

14  a legally cognizable interest in the outcome, rendering this claim moot.  <u>Powell v. McCormack</u>,

15  395 U.S. 486, 496, 89 S.Ct. 1944 (1969).  A suit for injunctive relief is normally moot upon the

16  termination of the conduct at issue, unless there is a likelihood of recurrence.  <u>See</u> <u>Demery v.</u>

17  <u>Arpaio</u>, 378 F.3d 1020, 1026 (9th Cir.2004).

18  3.  <u>Declaratory Relief</u>

19    Plaintiff's claims for declaratory relief fail for the same reason.  Plaintiff does not

20  have standing to seek declaratory relief.  This court raises standing *sua sponte*, as the law

21  requires.  <u>Biggs v. Best, Best & Krieger</u>, 189 F.3d 989, 998 n.7 (9th Cir.1999).  Here, plaintiff

22  lacks standing to pursue declaratory relief because she no longer holds any interest in the real

23  property at issue here based on her execution of the grant deed in favor of King Solomon.

24  Plaintiff's claim for declaratory relief should be dismissed.

25  /////

26  /////

4. <u>Fraud</u>

Plaintiff states defendant failed to disclose and concealed certain unspecified facts, that defendant owed plaintiff a fiduciary duty to disclose facts and that defendant knew plaintiff would rely on the unspecified misrepresentations.  (Complt. ¶¶ 45-48; 52.)

Plaintiff's fraud claim is defective because she failed to plead the claim with particularity as required by Fed. R. Civ. P. Rule 9(b).  Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 553 (9th Cir.2007).  The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances constituting fraud . . . plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient."

<u>In re Glenfed, Inc. Securities Litigation</u>, 42 F.3d 1541, 1547-48 (9th Cir.1994) (*en banc*); see also <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir.1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements."  <u>Vess v. Ciba-Geigy Corp.</u>, USA, 317 F.3d 1097, 1107 (9th Cir.2003).

Here, plaintiff's conclusory allegations fail to contain any specific facts supporting her claim of purported fraudulent activities.  Plaintiff fails to meet the standard required by Fed. R. Civ. P. 9(b).  In light of the recommended dismissal of the balance of plaintiff's federal claims, plaintiff will not be granted leave to file an amended complaint to more particularly allege her claims under Rule 9(b).  Rather, the fraud claim will be dismissed without prejudice so that plaintiff may file an action in state court.

5. <u>Quiet Title</u>

Plaintiff alleges that defendant's threat to dispossess plaintiff of the property and the wrongful trustee sale of same, should void defendant's interest in the property.  Plaintiff

1  seeks to quiet title in the property as to defendant on the grounds that defendant has no right of

2  title or estate in the property.  (Complt. at 21.)

3          Under California law, a claim for quiet title must include a) a description of the

4  property, including both its legal description and its street address, b) the title of the plaintiff and

5  the basis of the title, c) the adverse claims to the title of the plaintiff, d) the dates as of which the

6  determination is sought, e) and a prayer for the determination of the title of the plaintiff.

7  Cal.Code Civ. Pro. § 761.020.

8          However, as discussed above, plaintiff transferred her interest and title to the

9  property to King Solomon by Grant Deed recorded November 3, 2008.  Thus, plaintiff lacks

10  standing and is not the real party in interest to maintain a claim to quiet title to the property at

11  issue here.  Defendant is entitled to dismissal of this claim as well.

12  6.  <u>Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.</u>

13          In her third cause of action, plaintiff contends defendant is a "debt collector"

14  within the meaning of the FDCPA and failed to respond to plaintiff's demands in such a way as

15  to meet the requirements of the FDCPA.  (Complt. at 16.)

16          The purpose of the FDCPA is

17          to eliminate abusive debt collection practices by debt collectors, to
            insure that those debt collectors who refrain from using abusive
18          debt collection practices are not competitively disadvantaged, and
            to promote consistent State action to protect consumers against
19          debt collection abuses.

20  15 U.S.C. § 1692(e).  The FDCPA was designed to protect consumers who have been victimized

21  by unscrupulous debt collectors, regardless of whether valid debt actually exists.  <u>Baker v. G.C.</u>

22  <u>Services Corp.,</u> 677 F.2d 775 (9th Cir. 1982). The FDCPA defines "debt collector" as:

23          [A]ny person who uses any instrumentality of interstate commerce
            or the mails in any business the principal purpose of which is the
24          collection of any debts, or who regularly collects or attempts to
            collect, directly or indirectly, debts owed or due or asserted to be
25          owed or due another.

26  /////

8

15 U.S.C. § 1692a(6).  Therefore, a "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business).  "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.' "  Ines v. Countrywide Home Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, *2 (S.D.Cal. Nov. 3, 2008).

Here, plaintiff alleges that defendant is a debt collector, which defendant disputes. But plaintiff fails to allege that defendant was collecting a debt.  Plaintiff alleges only that "defendant failed to respond to plaintiff's demands."  Here, defendant was "foreclosing on [a] property pursuant to a deed of trust [which] is not the collection of a debt within the meaning of the FDCPA.  Id., citing Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1202-04 (D.Or.2002).  Thus, plaintiff's allegations are insufficient to state a claim under the FDCPA, and defendant's motion to dismiss this claim should be granted.

Moreover, any claim plaintiff might have against defendant under the FDCPA is time-barred.

The statute of limitations for a claim under the FDCPA is one year.  Specifically, 15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred."  15 U.S.C. § 1692k(d).  Generally, "an action must be filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA."  See Padilla v. Payco General American Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611.  It is important to note that the FDCPA specifically states the statute of limitations runs from the "date on which the violation occurred."  Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997) (holding that statute of limitations runs from the time of the purported violation); Watkins v. Peterson /////

9

1   Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing Naas) ("The [FDCPA]

2   limitations period runs from the date of the offending act.").

3          In the instant case, defendant entered into a consumer credit transaction with

4   plaintiff wherein defendant extended to plaintiff consumer credit in the form of a loan which was

5   subject to a finance charge.  (Complt. at 5-6.)  This transaction took place on April 12, 2007.

6   (Id.)  While plaintiff contends that the security interest was not created to finance the acquisition

7   or initial construction of plaintiff's home, she confirms that defendant retained a security interest

8   by a first and second mortgage note.  (Id. at 6.)

9          Plaintiff filed the instant action on October 29, 2008, more than one year after the

10  transaction at issue.  Thus, under FDCPA, her action is time-barred and should be dismissed with

11  prejudice.

12         Accordingly, the court will recommend that defendant's motion to dismiss be

13  granted, and that all claims be denied with prejudice, except the claim for fraud which will be

14  dismissed without prejudice.  However, plaintiff is not granted leave to amend to re-file her fraud

15  claim in this court, because the dismissal of the other claims has left no claim subject to this

16  court's subject matter jurisdiction.  If plaintiff chooses to pursue her claim for fraud, she must

17  pursue it in state court.

18         On March 23, 2009, defendant First Franklin Financial Corporation filed a motion

19  to strike.  In light of the recommended dismissal of this action, the motion to strike will be

20  denied.

21         Plaintiff has requested the appointment of counsel.  However, in light of the

22  instant recommendations, plaintiff's motion for appointment of counsel will be denied.

23         On April 21, 2009, plaintiff filed a letter indicating she is working in another state

24  and granted Pastor James L. Carr "authority to submit this letter and act as an agent for me."  (Id.

25  at 1.)  Plaintiff is advised that as a pro se litigant, she is responsible for prosecuting her own

26  action.  No other lay person may prosecute the action for her.  If plaintiff is unable to prosecute

1    this action on her own, or is unable to retain counsel, she must voluntarily dismiss the action or

2    risk the involuntary dismissal of the action based on her failure to prosecute.

3              Finally, on April 16, 2009, plaintiff filed a document entitled "Affidavit of

4    Negative Averment, Opportunity to Cure, and Counterclaim," allegedly filed "in admiralty."

5    Plaintiff is advised that this action is not subject to the rules in admiralty and the affidavit is not

6    properly before the court.  The filing will be retained in the court file and no further action will

7    be taken.

8              IT IS HEREBY ORDERED that:

9              1.  Plaintiff's April 21, 2009 motion for appointment of counsel is denied.

10             2.  Defendant's March 23, 2009 motion to strike (#15) is denied without

11   prejudice.

12             IT IS HEREBY RECOMMENDED that:

13             1.  Defendant's March 23, 2009 motion to dismiss (#14) be granted; and

14             2.  Plaintiff's claim for fraud be dismissed without prejudice to its filing in state

15   court; all other claims be dismissed with prejudice.

16             These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

21   failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   DATED:  November 4, 2009.

24

25                                          UNITED STATES MAGISTRATE JUDGE

26   /001;wilson.mtd