UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BEVERLY J. WILSON,

        Plaintiff

    v.

FIRST FRANKLIN FINANCIAL
CORP.,

        Defendant.
_____/

CIV. NO. S-08-2572 FCD/JFM

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendant
First Franklin Financial Corporation ("defendant" or "First
Franklin") to dismiss plaintiff Beverly J. Wilson's ("plaintiff")
first amended complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6).  Plaintiff opposes the motion.  For the
reasons set forth below,[1] defendant's motion is GRANTED.

///

_____

    [1]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 230(g).

**BACKGROUND**

Plaintiff brought this action against First Franklin for conduct arising out of two loans which First Franklin provided to plaintiff in order to purchase her home. (Pl.'s First Am. Complaint ("Compl."), filed Feb. 26, 2010, 1:18-19.)  On or about April 12, 2007, plaintiff entered into two concurrent loan transactions, totaling $434,851.77, with defendant. (Id. 1:19-20.)  Plaintiff alleges, *inter alia*, that First Franklin failed to provide her with the proper disclosures as required by the federal Truth in Lending Act ("TILA"), giving plaintiff the right to rescind the loans. (Id. ¶ 16-26.)  For instance, plaintiff alleges:  "Defendant failed to consider that Plaintiff had only made $9,500.00 in 2006, in violation of 15 U.S.C. § 1639(h)[,]" which "was not enough to cover the property taxes and utilities, let alone maintain a mortgage payment equaling to $3,702.56 each month for the first 24 months of [the] mortgage with her payments then going to $4,039.26 for the remaining life of the loan." (Id. ¶ 18, 21.)

In her first amended complaint, plaintiff asserts claims for: (1) violation of TILA, 15 U.S.C. §§ 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (3) violation of the Home Owners Equity Protection ACT ("HOEPA"); (4) violation of Regulation Z, the regulations implementing TILA; (5) breach of fiduciary duty; (6) violations of California Civil Code §§ 1916.5, 1916.7, 1920, 1921, 2948.5(a), and 2923.5 *et seq.*; (7) violation of California Business and Professions Code

2

§ 10241.1; (8) real estate fraud; and (9) quiet title.[2]
Defendant moves to dismiss plaintiff's complaint for failure to
state cognizable claims.

### STANDARD

Under Federal Rule of Civil Procedure 8(a), a pleading must
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief." See Ashcroft v. Iqbal, 129
S. Ct. 1937, 1949 (2009).  Under notice pleading in federal
court, the complaint must "give the defendant fair notice of what
the claim is and the grounds upon which it rests." Bell Atlantic
v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations
omitted).  "This simplified notice pleading standard relies on
liberal discovery rules and summary judgment motions to define
disputed facts and issues and to dispose of unmeritorious
claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the
complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319,
322 (1972).  The court is bound to give plaintiff the benefit of
every reasonable inference to be drawn from the "well-pleaded"
allegations of the complaint. Retail Clerks Int'l Ass'n v.
Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not
allege "'specific facts' beyond those necessary to state his
claim and the grounds showing entitlement to relief." Twombly,
550 U.S. at 570.  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw

---

[2]     Plaintiff's complaint is not an exemplification of
clarity.  It contains two twelfth and two eleventh causes of
action, while it does not include a fourth claim for relief at
all.

3

1  the reasonable inference that the defendant is liable for the

2  misconduct alleged." Iqbal, 129 S. Ct. at 1949.

3      Nevertheless, the court "need not assume the truth of legal

4  conclusions cast in the form of factual allegations." United

5  States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

6  Cir. 1986). While Rule 8(a) does not require detailed factual

7  allegations, "it demands more than an unadorned, the defendant-

8  unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  A

9  pleading is insufficient if it offers mere "labels and

10 conclusions" or "a formulaic recitation of the elements of a

11 cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at

12 1950 ("Threadbare recitals of the elements of a cause of action,

13 supported by mere conclusory statements, do not suffice.").

14 Moreover, it is inappropriate to assume that the plaintiff "can

15 prove facts which it has not alleged or that the defendants have

16 violated the . . . laws in ways that have not been alleged."

17 Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

18 of Carpenters, 459 U.S. 519, 526 (1983).

19      Ultimately, the court may not dismiss a complaint in which

20 the plaintiff has alleged "enough facts to state a claim to

21 relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949

22 (citing Twombly, 550 U.S. at 570).  Only where a plaintiff has

23 failed to "nudge [his or her] claims across the line from

24 conceivable to plausible," is the complaint properly dismissed.

25 Id. at 1952.  While the plausibility requirement is not akin to a

26 probability requirement, it demands more than "a sheer

27 possibility that a defendant has acted unlawfully." Id. at 1949.

28 This plausibility inquiry is "a context-specific task that

4

requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. V. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A. Plaintiff's HOEPA Claim and Claims for Rescission Under TILA and Regulation Z**

Plaintiff's first, third, and fifth claims for relief seek rescission under the TILA, HOEPA, and Regulation Z, respectively. Defendant contends, inter alia, that plaintiff's rescission claims must be dismissed because plaintiff's loan was a purchase money mortgage, as opposed to a refinance of an existing mortgage, and is therefore not subject to the rescission remedy.

TILA's rescission remedy is found in 15 U.S.C. § 1635, which expressly exempts from its reach "residential mortgage transaction[s]." 15 U.S.C. § 1635(e). Regulation Z contains a similar provision. 12 C.F.R. § 226.23(f)(1). Likewise, explicitly and entirely exempted from the provisions of HOEPA are "residential mortgage transactions." 15 U.S.C. § 1602(aa)(1). A "residential mortgage transaction" is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or

5

initial construction of such dwelling." 15 U.S.C. § 1602(w).
Based on the factual allegations in plaintiff's first amended
complaint, it is clear that the loans made from defendant to
plaintiff were for the purpose of financing the acquisition of
plaintiff's home.  Plaintiff admits that she purchased her home
with the two mortgages issued by the defendant.  (Compl. ¶ 7.)
She also admits that this is her primary residence.  (Id. ¶ 6.)
Plaintiff explicitly states that "[her] First and second
Mortgages were not made as a result of refinancing a prior
mortgage or mortgages." (Id. ¶ 41.)  Because the loans in
question meet the definition of a residential mortgage
transaction, plaintiff is precluded from bringing claims for
rescission under TILA and Regulation Z.  Further, plaintiff is
entirely barred from seeking damages under HOEPA.

     As such, defendant's motion to dismiss plaintiff's first
(TILA) and fifth (Regulation Z) claims for relief, to the extent
they seek rescission of plaintiff's loans, is GRANTED with
prejudice.  Defendant's motion to dismiss plaintiff's third claim
for relief for violation of HOEPA is GRANTED with prejudice.

**B.   Plaintiff's Claims for Damages under TILA and Regulation Z.**

     Plaintiff's first and fifth claims for relief also seek
damages as a result of defendant's alleged violation of TILA and
Regulation Z.  Defendant moves to dismiss these claims as time
barred by the statute of limitations.  TILA violations include
the failure to provide the required disclosures mandated by 15
U.S.C. § 1631, and the failure to clearly and conspicuously
disclose information relating to the "annual percentage rate" and
the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover

6

damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, in certain circumstances, equitable tolling of civil damages claims brought under TILA is appropriate. See King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to . . . avoid the uninformed use of credit." Id. (quoting 15 U.S.C. § 1601(a)). District courts, therefore, have the discretion to evaluate specific claims of equitable tolling and adjust the limitations period accordingly when the borrower may not have had a reasonable opportunity to discover the fraud or nondisclosures that give rise to the TILA action. Id.

In this case, plaintiff alleges she consummated the loan on or about April 12, 2007. (Compl. ¶ 11.) Accordingly, as plaintiff did not bring the instant action until October 29, 2008, more than one year has passed since the alleged TILA violations. Plaintiff, however, seeks application of the doctrine of equitable tolling. However, the only allegation in the first amended complaint which potentially asserts a factual basis for equitable tolling is found in plaintiff's second claim for relief for violation of RESPA: "Plaintiff was not aware of the RESPA violations until she obtained a forensic loan audit of her two mortgage notes on or about August 15, 2008." (Compl. ¶ 31.)

7

To the extent plaintiff seeks application of equitable tolling on the basis that she did not discover *any* disclosure errors until August 2008, plaintiff's claim fails.  Plaintiff pleads no facts to explain why she could not otherwise have discovered the TILA violations at the consummation of her loan.  "Such factual underpinnings are all the more important . . . since the vast majority of [plaintiff's] alleged violations under TILA are violations that are self-apparent at the consummation of the transaction."  <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 2009 U.S. Dist. LEXIS 87997, at **13-14 (D. Ariz. 2009) (holding that equitable tolling was not appropriate when the plaintiffs simply alleged that the defendants "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure").  Without more factual information regarding why the alleged disclosure violations were not, and could not have been, reasonably discovered until August 2008, the court cannot equitably toll the statute of limitations in this case.

As such, First Franklin's motion to dismiss plaintiff's claim for damages as a result of violations of TILA and Regulation Z is GRANTED with leave to amend.

**C.    Real Estate Fraud**

Plaintiff's twelfth claim for relief[3] alleges real estate fraud against First Franklin.  Because the claim alleges a form of fraud, it is subject to the heightened pleading requirements

---

[3]    Plaintiff's complaint includes two twelfth causes of action--one for injunctive relief and one for real estate fraud. This section deals only with plaintiff's claim for real estate fraud.  Plaintiff's claim for injunctive relief is discussed in section E, *infra*.

of Fed. R. Civ. P. 9(b).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Therefore, plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud.  Id. at 1106 (citations omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).  The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations.  Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995).  "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing."  Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Furthermore, when asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'"  Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)); see also Edejer v. DHI Mortgage Comp., 2009 U.S. Dist. LEXIS 52900, at *36 (N.D. Cal. June 12, 2009) (dismissing a fraud claim where the plaintiff did not allege any

misrepresentation or false statements made by the defendants; did not allege the names of the persons who made the allegedly fraudulent representations and their authority to speak; and did not allege with sufficient particularity or clarity what was false or misleading about the statements); Mohammad Akhavein v. Argent Mortgage Co., 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July 17, 2009); Spencer v. DHI Mortgage Co., 2009 U.S. Dist. LEXIS 55191, at *18 (E.D. Cal. June 30, 2009) (dismissing the plaintiff's fraud claim without leave to amend because it failed to satisfy Rule 9(b)'s "'who, what, when, where and how' requirements" and was so deficient as to "suggest no potential improvement from an attempt to amend").

Here, plaintiff fails to meet the heightened pleading requirements of Rule 9(b).  Specifically, plaintiff alleges fraud against First Franklin, which is a corporation, but fails to allege who actually made the supposedly false representations or their ability to speak for the corporation.  See Lazar, 12 Cal. 4th at 645; Tarmann, 2 Cal. App. 4th at 157.  For example, plaintiff alleges only that First Franklin "concealed facts relevant to the validity of the property while under a clear duty/obligation to disclose such facts to the Plaintiff[,]" and "Defendants knowingly acted with a total disregard for the truth of the material facts presented in the documents provided to Plaintiff." (Compl. ¶¶ 100, 105.)  These allegations do not describe which individuals purportedly took such actions.

Therefore, the court must GRANT defendant's motion to dismiss plaintiff's twelfth claim for relief for real estate fraud.  However, plaintiff is granted leave to amend with respect

1  to this claim.

2  **D.   Quiet Title**

3       Plaintiff's thirteenth claim for relief seeks to quiet title
4  to the property which is the subject of this action.  In support
5  of this claim, plaintiff alleges "[she] is the proper owner in
6  fee and is in possession and control of [the] real property."
7  While the court is required on a Rule 12(b)(6) motion to assume
8  the truth of plaintiff's allegations, it is not required to
9  accept allegations that contradict facts that may be judicially
10  noticed by the court.  <u>Shwarz v. United States</u>, 234 F.3d 428, 435
11  (9th Cir. 2000).  The subject grant deed, recorded on November 3,
12  2008, reflects that plaintiff transferred title to the property
13  to King Solomon II Archbishop Corp Sole.  (Def.'s Request for
14  Judicial Notice, [Docket No. 45] filed March 15, 2010, Ex. E
15  [Grant Deed recorded in Sacramento County, California from
16  plaintiff to King Solomon II Archbishop Corp Sole].)  Indeed,
17  while plaintiff asserts under this claim for relief that she is
18  the "proper owner in fee" of the property, she admits elsewhere
19  in the complaint that she *transferred* her interest in the
20  property.  (Compl. 1:24-26 [alleging plaintiff "transferred title
21  of the house from herself to King Solomon II Archbishop Corp
22  Sole.  The title transfer was recorded on or about November 3,
23  2008."].)

24       To proceed on a claim to quiet title, the plaintiff must
25  have a legal interest in the property.  Here, by plaintiff's own
26  allegations and considering the subject grant deed, which the
27  court may judicially notice, plaintiff cannot allege a legal
28  interest in the property.  <u>See</u> <u>Lechuza Villas West v. California</u>

1  Coastal Com., 60 Cal. App. 4th 218, 242 (1997)(citing Peterson v.

2  Gibbs, 147 Cal. 1, 5 (1905)); see also Melvin v. Melvin, 8 Cal.

3  App. 684, 687-88 (1908) (where the plaintiff no longer had any

4  title to the property, she failed to state a cause of action to

5  quiet title and the demurrer was properly sustained).

6      As such, defendant's motion to dismiss plaintiff's

7  thirteenth claim to quiet title is GRANTED without leave to

8  amend.

9  **E.   Plaintiff's Remaining Claims**

10     Plaintiff's first amended complaint contains several

11 additional claims, some based on federal law (RESPA) and others

12 based on state law.  Defendant addressed each of the claims set

13 forth in the first amended complaint in its motion to dismiss.

14 Plaintiff, however, addressed in her opposition only those claims

15 set forth above in Sections A through D of this order.  The court

16 construes plaintiff's failure to respond to defendant's motion as

17 to the other claims for relief as a non-opposition to the motion

18 as to those claims.  See E.D. Cal. L.R. 230(c).  Therefore,

19 defendant's motion to dismiss as to plaintiff's RESPA claim and

20 state law claims for breach of fiduciary duty, various violations

21 of the California Civil Code and violation of California Business

22 and Professions Code § 10241.1 is GRANTED without leave to amend.

23                          CONCLUSION

24     For the foregoing reasons, First Franklin's motion to

25 dismiss is GRANTED.  Plaintiff is granted fifteen (15) days from

26 the date of this order to file a second amended complaint in

27 accordance with this order.  Defendant is granted thirty (30)

28 days from the date of service of plaintiff's second amended

1  complaint to file a response thereto.

2       IT IS SO ORDERED.

3  DATED: May 25, 2010

4                                    _____
                                     FRANK C. DAMRELL, JR.
5                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13