IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY J. WILSON, | |
| Plaintiff, | No. 2:08-cv-2572 FCD JFM PS |
| vs. | |
| FIRST FRANKLIN FINANCIAL CORP., | <u>ORDER AND</u> |
| Defendant. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____ / | |

    Pending before this court is defendants First Franklin Financial Corp. ("FFFC") and Home Loan Services' (collectively, "the defendants") July 12, 2010 motion to dismiss and motion to strike. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. Upon review of the motions and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

PROCEDURAL BACKGROUND

    In her first amended complaint, which was dismissed by the Honorable Frank C. Damrell on May 25, 2010, plaintiff asserted claims for: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (3) violation of the Home Owners Equity Protection ACT ("HOEPA"); (4) violation of Regulation Z, the regulations implementing TILA; (5) breach

of fiduciary duty; (6) violations of California Civil Code §§ 1916.5, 1916.7, 1920, 1921, 2948.5(a), and 2923.5 *et seq.*; (7) violation of California Business and Professions Code § 10241.1; (8) real estate fraud; and (9) quiet title.

In the May 25, 2010 order, Judge Damrell dismissed with prejudice plaintiff's TILA and Regulation Z claims to the extent they sought rescission. Plaintiff's HOEPA claim was also dismissed with prejudice. Plaintiff's claim for quiet title was dismissed without leave to amend. Insofar as plaintiff sought damages, the TILA and Regulation Z claims were dismissed with leave to amend. Plaintiff was also granted leave to amend her real estate fraud claim. Plaintiff's remaining claims were dismissed without leave to amend for plaintiff's failure to respond to the defendants' motion to dismiss as to those claims.

This matter is proceeding on plaintiff's June 10, 2010 second amended complaint ("SAC"), wherein plaintiff asserts a single cause of action for real estate fraud against FFFC, Home Loan Services and Nationwide Placer Mortgage[1]. Plaintiff seeks damages and injunctive relief.

FACTUAL BACKGROUND

Plaintiff purchased a residence in Sacramento with two mortgages issued by FFFC on or about April 2007. (SAC at 1.) The first mortgage was for $347,851.77 and the second mortgage was for $87,000.00. (Id.) Plaintiff claims that after notice of approval and after she moved into the residence, she was asked by an individual named Elijah (last name unknown), an employee of defendant Nationwide Placer Mortgage, to provide additional documentation per the request of FFFC. (Id. at 1-3.) Plaintiff claims that at some point during the process of funding her loans, a fraudulent amended 2006 income tax return was submitted by an unknown person to the IRS. (Id. at 6.)

/////

---

[1] The docket reflects that Nationwide Placer Mortgage has not yet been served.

1   In January 2008, plaintiff contacted FFFC to begin the process for loan
2 modification, even though she was not behind on her payments at that time. (SAC at 3.)
3 Plaintiff claims she was informed by FFFC that she needed to be behind on her payments by two
4 months before they would be able to discuss a loan modification. (Id.) Following a few months
5 wherein plaintiff did not pay her mortgage (she asserts she quit her job to care for her ailing
6 father), plaintiff again contacted FFFC's loan modification department and, between March 2008
7 and August 2008, submitted several documents to FFFC. (Id. at 4.) Plaintiff states FFFC told
8 her that they were working on her file and would let plaintiff know as soon as they made a
9 decision on the loan modification. (Id.)

10   In May 2008, FFFC filed a Notice of Default with the Sacramento County
11 Recorder's Office. (SAC at 4.) On or about August 14, 2008, FFFC filed a Notice of Trustee's
12 Sale. (Id.) At or around this time, plaintiff filed for bankruptcy; her petition was subsequently
13 dismissed. (Id. at 5.) In October 2008, plaintiff transferred title to the home to King Solomon II
14 Archbishop Corp Sole. (Id.) The title transfer was recorded on November 3, 2008. (Id.)

## DISCUSSION

16   Plaintiff's sole cause of action is for real estate fraud, a state law claim. Plaintiff
17 presents no federal claims in the SAC. Although the TILA and Regulation Z damages claims
18 were dismissed with leave to amend, plaintiff did not include them or any allegations related to
19 them in the SAC.

20   Federal courts have original subject matter jurisdiction over "all civil actions
21 arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal
22 courts also have "supplemental jurisdiction over all other claims that are so related to claims in
23 the action within such original jurisdiction that they form part of the same case or controversy
24 under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "may
25 decline to exercise supplemental jurisdiction ... [if] the district court has dismissed all claims
26 over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Acri v. Varian Assocs.,

Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).

Judicial economy, fairness, convenience, and comity inform a court in deciding whether to decline to exercise supplemental jurisdiction. Acri, 114 F.3d at 1001. The Supreme Court has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The balance of factors in this case weighs toward declining to exercise supplemental jurisdiction. Comity weighs in favor of declining jurisdiction because the only claim in the SAC is a state law claim. The state court is equally competent to hear this claim and may have a better understanding of the relevant state law. This action is still in the early stages. Judicial economy does not point toward exercising jurisdiction. Lastly, convenience and fairness do not weigh in favor of exercising jurisdiction. The state and federal fora are equally convenient for the parties, and there is no reason to doubt that the state court will provide an equally fair adjudication of the SAC. Based thereon, the court should decline to exercise supplemental jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the November 4, 2010 hearing on this matter is vacated; and

IT IS HEREBY RECOMMENDED that

1. Plaintiff's second amended complaint be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1367(c);

2. Defendants' motion to dismiss be denied; and

3. Defendants' motion to strike be denied.

/////

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6   failure to file objections within the specified time may waive the right to appeal the District
7   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8   DATED: November 2, 2010.

UNITED STATES MAGISTRATE JUDGE

/014; wilson.mtd2